UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eli Kalkstein on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Collecto, Inc.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 13 CV 2621<br>)<br>)<br>)         AMENDED<br>)  CLASS ACTION COMPLAINT<br>)<br>)  JURY DEMANDED |

Amended Class Action Complaint for Violations of the Fair Debt Collection Practices Act

Introduction

1. Plaintiff Eli Kalkstein ("Plaintiff" or "Kalkstein") files this Amended Complaint seeking redress for the illegal practices of Defendant Collecto, Inc. d/b/a/ EOS CCA ("Defendant" or "Collecto"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

Parties

2. Plaintiff Eli Kalkstein is a citizen of New York State who resides within this District.

1

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services.

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for school tuition.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

Factual Allegations

12. New York Institute of Technology ("NY Tech") alleges that Plaintiff owes them tuition.

13. The Plaintiff has not attended NY Tech in over 14 years.

14. NY Tech hired Defendant to collect the debt.

15. On or about January 16, 2013, Defendant sent a letter to Defendant appearing on the letterhead of EOS CCA (Exhibit A).

16. Exhibit A seeks to collect a total debt of $7,388.57.

17. Exhibit A details the alleged debt as follows:

```
Principal:         $ 5,172.00
Interest:          $     0.00
Fees/Coll Costs:   $ 2,216.57
Other Accounts:    $     0.00
Total Due:         $ 7,388.57
```

18. Exhibit A seeks collection of "Fees/Coll Costs" that are approximately 43% of the "Principal."

19. Plaintiff never agreed to pay 43% of the Principal as "Fees/Coll Costs."

20. Neither Defendant nor NY Tech has any legal right to charge the Plaintiff 43% of the Principal as "Fees/Coll Costs."

21. The "Fees/Coll Costs" demanded by defendant were not incurred by NY Tech nor by Defendant and were unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by NY Tech

or Defendant for any goods or services supplied by NY Tech and/or Defendant for any work performed by or on behalf of NY Tech and/or Defendant.

22. Upon information and belief, the additional $2,216.57 was arbitrarily created in an attempt to collect unearned fees, which neither NY Tech nor Defendant had incurred, and to simultaneously intimidate and scare Plaintiff into paying the so-called "Principal" out of fear that he would otherwise be liable for additional "Fees/Coll Costs."  Defendant knew or should have knew that collection fees of $1,382.79 were not incurred by NY Tech nor by Defendant and were unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by NY Tech or Defendant for any goods or services supplied by NY Tech and/or Defendant for any work performed by or on behalf of NY Tech and/or Defendant.

23. Exhibit A is a form letter.

24. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

25. Exhibit A also falsely informs consumers that the Defendant may report information about Plaintiff's account to credit bureaus. As the Plaintiff's account is well past 8 years old, the Defendant is legally prohibited from reporting the account to credit bureaus.

## *Class Action Allegations*

26. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether <u>Exhibit A</u> violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

26. A class action is superior for the fair and efficient adjudication of the class members' claims.

27. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

28. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

5

29. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; (b) who between July 20, 2012 and April 30, 2013 ; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was past the permissible credit reporting period; (e) or containing a collection fee that they had not previously authorized by the consumer; (f) which was not returned by the postal service as undelivered.

32. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

### Violations of the Fair Debt Collection Practices Act

33. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

Exhibit A

34. By sending Exhibit A, the Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(10), and §§1692 f and f(1).

35. By sending Exhibit A and attempting to collect the "Fees/Coll Costs" as described herein, the Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2),e (5), e(10), f, f(1), and g.

36. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10), by falsely representing the character, amount, and legal status of the alleged debt.  This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

37. By sending Exhibit A, Defendant also violated 15 U.S.C. § 1692e, e(2)(B), and e(10), by falsely representing services rendered and compensation which may be lawfully received by Defendant for the collection of the alleged debt.  This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

38. By sending Exhibit A Defendant also violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

39. By sending Exhibit A, Defendant also violated 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt.  This is also an unfair and act under 15 U.S.C. § 1692f.

40. By sending Exhibit A, Defendant also violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10) by falsely indicating that the Defendant

7

may report information about the Plaintiff to credit bureaus. As the Plaintiff's account was well past the legally permissible time to report credit information, the Defendant was legally prohibited from doing so.

41. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

42. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

    (C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (E) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
       August 16, 2013

                              RESPECTFULLY SUBMITTED,

                              /S/ JOSEPH MAURO
                              Joseph Mauro, Esq.

The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A




EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : **1-800-368-5417**
Phone Number: **1-781-753-4102**

January 16, 2013

**Office Hours:**
Monday - Thursday:    8:00 AM - 9:00 PM ET
Friday:    8:00 AM - 5:00 PM ET
Saturday:    8:00 AM - 12:00 PM ET

## NOTICE OF COLLECTION PLACEMENT

**RE:**
Your Account with our Client: **NEW YORK INSTITUTE OF TECHNOLOGY**
Client Reference #: **0091857**
Agency Account #: **53185677**
Original Creditor, if different from Client:

| | | |
|---|---|---|
| Principal: | $ | 5172.00 |
| Interest: | $ | 0.00 |
| Fees/Coll Costs: | $ | 2216.57 |
| Other Accounts: | $ | 0.00 |
| **Total Due:** | **$** | **7388.57** |

**NEW YORK INSTITUTE OF TECHNOLOGY** has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt. If you dispute this debt, please see the reverse side of this notice for important rights.

If mailing your payment, please detach the coupon below and include with your payment in the enclosed envelope. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number 0960830. You may contact our office at the toll free number above during the hours noted and speak to Melissa Peralta or any available representative.

We may report information about your account to credit bureaus.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS**

DEF-53185677-1-011613-302-31909-140     ✂ Detach Bottom Portion And Return With Payment ✂

EOS CCA
PO BOX 169
NORWELL, MA 02061-0169
FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 53185677 | 0091857 | $7388.57 |

Client: NEW YORK INSTITUTE OF TECHNOLOGY

PERSONAL & CONFIDENTIAL
DEF-53185677-1-011613-302-31909-140

MAIL ALL PAYMENTS AND CORRESPONDENCE TO

**************AUTO**MIXED AADC 530
Eli Kalkstein
3658 FIDDLER LN
BETHPAGE NY 11714-3819



EOS CCA
PO BOX 169
NORWELL, MA 02061-0169

## FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

### PHONE OR WEB PAYMENT

To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below.

Account Number: **53185677**        Security Code: **091857**

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number                Check One:   ☐ VISA   ☐ MasterCard

| | | | |
|---|---|---|---|

| Payment Amount: | $ | Expiration Date: | / |
|---|---|---|---|

Card Holder Name        Signature of Card Holder        Date