UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELI KALKSTEIN,                 :
                               :
              Plaintiff,     :
                               :        NO. 2:13-cv-02621- ARD-AKT
v.                              :
                               :
COLLECTO, INC. d/b/a EOS CCA,    :
                               :
              Defendant.    :
                               :

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

DEFENDANT
COLLECTO, INC. D/B/A EOS/CCA

Jonathan D. Elliot

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-Mail: jelliot@znclaw.com

Its Attorneys

August 4, 2014

# TABLE OF CONTENTS

Page(s)

Table of Contents ................................................................................. ii

Table of Authorities ...................................................................... iii, iv, v

Preliminary Statement ........................................................................ 1

Statement of Facts and Proceedings ................................................. 2

Argument ............................................................................................ 3

I.     THE CLASS ACTION STANDARD AND THE FDCPA ............................. 3

II.    PLAINTIFF FAILS TO MEET THE BURDEN OF DEMONSTRATING
     COMPLIANCE WITH ALL REQUIRED ELEMENTS UNDER
     FEDERAL RULE 23(a) ....................................................................... 7

     A. Plaintiff's Class Definition Is Flawed ...................................... 7

         (1) The Definition Requires Individual Scrutiny Of
             Hundreds of Accounts ..................................................... 7

         (2) Plaintiff's Definition Is Improperly Self-Serving ............................ 10

     B. The Record Is Insufficient To Establish Numerosity ............................ 11

     C. Commonality And Typicality Is Lacking ................................................. 14

III.    ADEQUACY OF PLAINTIFF AS REPRESENTATIVE ................................ 15

IV.    EVEN ASSUMING THAT THE PLAINTIFF HAS MET HIS BURDEN
     OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE
     DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY
     SHOWING TO SATISFY RULE 23(b) ...................................................... 16

     A. Common Questions Do Not Predominate ............................................. 16

     B. Plaintiff Has Not Demonstrated The Superiority Of The Class
        Action Device In This Case ................................................................. 18

V.    PLAINTIFF'S RELIANCE ON THE *ANNUNZIATO* MATTER IS
     MISPLACED ........................................................................................ 19

CONCLUSION .................................................................................. 21

# TABLE OF AUTHORITIES

<u>Cases</u>:                                                                                    <u>Page(s)</u>

*Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980)...........................................  7

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   222 F.3d 52 (2d. Cir. 2000).............................................................................  15

*Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340 (E.D.N.Y. 2009) .....................  4

*Brooklyn Ctr. For Independence of the Disabled v. Bloomberg*, 284 F.R.D. 240
   (S.D.N.Y. 2012) ...............................................................................................  11

*Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251
   (D. Minn. 2000).................................................................................................  6

*Clement v. American Honda Finance Corp.*, 176 F.R.D. 15 (D. Conn. 1997).....  5

*Davidson v. Yeshiva Univ.*, 555 F. Supp. 75 (S.D.N.Y. 1982) ............................  13

*Deflumer v. Overton*, 176 F.R.D. 55 (N.D.N.Y. 1997)..........................................  11

*Demarco v. Edens*, 390 F.2d 836 (2d Cir. 1968) ................................................  13

*Driver v. Helms*, 74 F.R.D. 382 (D.R.I. 1972) .....................................................  7

*Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974)........................................  4

*Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.*, 655 F. Supp. 1281
   (S.D.N.Y. 1987) ...............................................................................................  4

*Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995)........................  10, 17

*Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176 (2d Cir. 1990) .........  3

*General Tel. Co. v. Falcon*, 457 U.S. 147, 102 S. Ct. 2364 (1982)....................  3, 4

*Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1992)...............................  15

*Indiana State Employees Association, Inc. v. Indiana State Highway*
   *Commission*, 78 F.R.D. 724 (S.D. Ind. 1978) ................................................  10

*In re Colonial Partnership Litigation*, 1993 WL 306526 (D. Conn.
   February 10, 1993) ...........................................................................................  4

*In re Ford Motor Co. Ignition Switch Products Liability Litigation*,
   194 F.R.D. 484 (D.N.J. 2000) .........................................................................  17

*In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006)....... 7

*Jefferson v. Security Pacific Financial Services*, 162 F.R.D. 123
(N.D. Ill. 1995) ................................................................................... 18

*Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003) ............................... 5

*Kelley v. Galveston Autoplex*, 196 F.R.D. 471 (S.D. Tex. 2000)........................ 17

*Lyles v. Rosenfeld Attorney Network*, 2000 WL 798824 (M.D. Miss. 2000)........ 6, 19

*McKernan v. United Technologies Corp.*, 120 F.R.D. 452 (D. Conn. 1988) ....... 4

*Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004) ..... 12, 14

*Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 341 (6th Cir. 2011).............. 11

*Reese v. Arrow Financial Service, LLC*, 202 F.R.D. 83 (D. Conn. 2001)............ 13

*Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296
(N.D. Cal. 2012)................................................................................... 7

*Sanders v. Jackson*, 209 F.3d 1998 (7th Cir. 2000) ........................................... 6

*Spagnola v. Chubbs Corp.*, 264 F.R.D. 76 (S.D.N.Y. 2010) ............................... 7

*Stinson v. City of New York*, 2012 WL 1450553 (S.D.N.Y. April 23, 2012)......... 4

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 131 S. Ct. 2541 (2011).............. 3, 4, 15

*Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653
(S.D.N.Y. March 22, 2002) ................................................................. 13

*Weissman v. ABC Fin. Services, Inc.*, 203 F.R.D. 81 (E.D.N.Y. 2001).............. 13

*Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255 (S.D.N.Y. 2011).............................. 15

<u>Statutes:</u>

Fed. R. Civ. P. 23 ...................................................................................1, 11, 21
Fed. R. Civ. P. 23(a) ...............................................................................3, 7
Fed. R. Civ. P. 23(a)(1)..........................................................................11
Fed. R. Civ. P. 23(b)(3)...........................................................................4,16,17,19
Fed. R. Civ. P. 23(b)(3)(A-D) .................................................................5
15 U.S.C. § 1681c ...................................................................................9, 17
15 U.S.C. § 1692f(1)................................................................................2
15 U.S.C. § 1692k(a)(1)..........................................................................18

15 U.S.C. § 1692k(a)(2)....................................................................18
15 U.S.C. § 1692k(a)(2)(B)..........................................................5, 18
15 U.S.C. § 1692k(a)(3)....................................................................19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELI KALKSTEIN,                          :
                                        :
                  Plaintiff,            :
                                        :       NO. 2:13-cv-02621- ARD-AKT
                                        :
v.                                      :
                                        :
COLLECTO, INC. d/b/a EOS CCA,           :       **DEFENDANT'S MEMORANDUM**
                                        :       **OF LAW IN OPPOSITION TO**
                  Defendant.            :       **MOTION FOR CLASS**
                                        :       **CERTIFICATION**
                                        :

**Preliminary Statement**

In this claim under the FDCPA, plaintiff moves for class certification.  Plaintiff,

however, presents no evidentiary record from which it may be inferred than an

identifiable and sufficiently numerous class exists.  Despite discovery, plaintiff has not

shown how many individuals have the same kind of debt, whether such debts are

covered by the same type of agreement regarding costs, or whether the creditor's

entitlement to collection costs is governed by the same legal issues.  Although there are

360 recipients of a letter that is similar in respects to that received by plaintiff, the

underlying accounts may differ in nature, may be governed by different agreements at

different times, involve collection costs measured by different parameters based upon

different legal justifications, and the accounts may be of many different ages.  In short,

plaintiff, seemingly oblivious to the burden required to certify the class, conclusorily

equates the mere sending of 360 similar letters to the existence of a certifiable class.

This represents a gross oversimplification and  distortion of the plaintiff's burdens under

Federal Rule 23.

## Statement of Facts and Proceedings

The plaintiff has asserted two claims.  First, he challenges the creditor's and collector's ability to claim, aside from his principal balance, collection costs associated with his alleged debt to New York Institute of Technology ("NYIT").  The plaintiff has not articulated his legal theory, conclusorily asserting that such charges claim by NYIT are "illegal."

Section 1692f(1) provides that a debt collector may not add any amount incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  Plaintiff appears to contend that he would not have signed an agreement providing that he be responsible for collection costs associated with the collection of unpaid balance owed to NYIT.  See Kalkstein Deposition at pp. 58-59 (annexed hereto as Exhibit A).

Plaintiff also challenges language in the letter in question that states that defendant "may report information regarding the account to credit reporting agencies." Plaintiff asserts that his account is too old to report and argues that the "threat" to report is unlawful.

Plaintiff defines his proposed class as:

All persons who, according to defendant's records: (a) have mailing addresses within New York State; (b) who between July 20, 2012 and April 30, 2013; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was past the permissible credit reporting period; (e) or containing a collection fee that they had not previously authorized by the consumer; (f) which was not returned by the postal service as undelivered.

See Complaint ¶ 31.

2

The record submitted by plaintiff in support of class certification states merely that 360 individuals received a letter similar to that received by plaintiff.

**ARGUMENT**

I.      **THE CLASS ACTION STANDARD AND THE FDCPA**

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"). The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2550 (2011) (citing *Califano v. Yamasaki,* 442 U.S. 682, 700–01 (1979)). Under the standard announced by the United States Supreme Court and applied in this Circuit, a class "may only be certified if the trial court is satisfied, <u>after a rigorous analysis</u>, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372 (1982) (emphasis added); *Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir.), *cert. denied*, 489 U.S. 1025, 111 S. Ct. 675 (1991); *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551.

Under Rule 23(a), the party seeking certification must demonstrate that:

    (1)   the class is so numerous that joinder of all members is impracticable,

    (2)   there are questions of law or fact common to the class,

    (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(a) ensures that the named plaintiffs must be appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements --

3

numerosity, commonality, typicality, and adequate representation -- "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2550 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982). The party seeking class certification bears the "heavy burden" of establishing that each of these prerequisites has been met by a "preponderance of the evidence following a court's rigorous analysis." *Stinson v. City of New York*, 2012 WL 1450553 (S.D.N.Y. April 23, 2012); *McKernan v. United Technologies Corp.*, 120 F.R.D. 452, 453 (D. Conn. 1988).

The United States Supreme Court has recently reiterated that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Walmart Stores, Inc.*, 131 S. Ct. at 2551. It is incontrovertible that Plaintiff has the burden of proving that the proposed class action satisfies each and every element under Rule 23. *E.g., Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 163 (1974); *Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.*, 655 F. Supp. 1281 (S.D.N.Y. 1987), aff'd 838 F.2d 66 (2d Cir. 1988). The absence of any one element under Rule 23 justifies denial of class certification. *Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340, 342 (E.D.N.Y. 2009); *In re Colonial Partnership Litigation*, 1993 WL 306526, *13 (D. Conn. February 10, 1993). "Failure to comply with even one of the requirements of Rule 23(a) is fatal to a motion for class certification." *E.g., In re Colonial Partnership Litigation*, 1993 WL 306526, *13 (D. Conn. 1993).

In addition, when plaintiffs seek to maintain a class action under Federal Rule 23(b)(3), they must also show that common questions predominate over any questions

4

affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy. *E.g., Clement v. American Honda Finance Corp.*, 176 F. R. D. 15 (D. Conn. 1997). The matters pertinent to the superiority finding include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions . . . . and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A-D).

Generally speaking, in the absence of some statutory limitation, the damages available to individual class members in a class action and an individual action would be the same. For purposes of the superiority analysis called for by Rule 23, generally there would be no disadvantage to a class action in terms of damages. The FDCPA, however, limits the damages available in class actions, to "such amount as the court may allow . . . not to exceed the lesser of $500,000 or one per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B). This provision places a limitation on the utility, and hence superiority, of an FDCPA class action when compared to an individual action, except in certain instances. *See, e.g., Jones v. CBE Group, Inc.,* 215 F.R.D. 558 (D. Minn. 2003).

The statutory damage limitation in FDCPA class actions is not designed to encourage or authorize class actions, or to express a Congressional preference for class actions under the FDCPA. Instead, it creates a legislative limitation on the utility of the class action device which narrows the circumstances in which the class action should be the procedural mechanism of choice. Defendant submits that there may be circumstances where the particular combination of the statutory damages limit, the net

worth of the defendant and the number of putative class members would yield a result where the statutory damages for each class member would compare reasonably with those available in an individual action and, assuming other elements of Rule 23 have been satisfied, the action may be appropriate for class treatment.  Where, even using the maximum statutory damage cap of $500,000, the proposed class may be able to generate only nominal awards to individual class members, the class action has a virtually nonexistent benefit to the class members.  Such a disparity necessarily enhances individual class members' interest in pursuing their own claims and reduces or eliminates, as the case may be, the superiority or necessity of a class action.  *Id.; see also Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251 (D. Minn. 2000); *Lyles v. Rosenfeld Attorney Network*, 2000 WL 798 824 (N.D. Miss. 2000).

As always, this Court should be mindful of the potential abuses of the class action device, especially under the FDCPA.  The Seventh Circuit has expressed such concerns in the case of *Sanders vs. Jackson*, 209 F.3d 998 (7th Cir. 2000), in which the Seventh Circuit Court of Appeals noted, citing to Judge Ralph Winter of the Second Circuit:

> [T]he driving force behind these cases is the class action attorneys.  They have a strong incentive to litigate these cases – oftentimes despite their marginal impact – in the form of attorneys' fees and costs they hope to recover . . .  Not surprisingly, then, "FDCPA litigation is a breeding ground for class actions."  Lawrence Young & Jeffrey Coulter, *Class Action Strategies in FDCPA Litigation*, 52 Consumer Fin. L.Q. Rep. 61, 70 (1998).  It is these attorneys' fees which are a significant inducement for FDCPA class action lawsuits.  109 F.3d at 344; *see Goldberger v. Integrated Solutions, Inc.*, No. 99-7198, 2000 WL 320447, at 10 (2d Cir. Mar. 28, 2000) (in many class action cases the plaintiffs "are mere 'figureheads' and the reason for bringing such actions is 'the quest for attorney's fees.' ").  Unfortunately, as Judge Winter of the Second Circuit has noted, these attorney fees strongly encourage class actions, many of which are frivolous.  *See* Ralph K. Winter, *Paying Lawyers Empowering*

6

*Prosecutors, and Protecting Managers:  Raising the Cost of Capital in America,* 42 Duke L. J. 945, 949 (1993).  The history of the FDCPA litigation shows that most cases have resulted in limited recoveries for plaintiffs and hefty fees for their attorneys . . . . [C]ases illustrate "the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed."  *White v. Goodman,* 200 F.3d 1016, 1019 (7th Cir. 2000).

209 F.3d at 1003-04.

## II.  PLAINTIFF FAILS TO MEET THE BURDEN OF DEMONSTRATING COMPLIANCE WITH ALL REQUIRED ELEMENTS UNDER FEDERAL RULE 23(a)

### A.  Plaintiff's Class Definition Is Seriously Flawed

#### (1)  The Definition Requires Individual Scrutiny Of Hundreds Of Accounts.

In order to pursue a claim on a classwide basis, Plaintiff must allege a reasonably defined class of similarly situated plaintiffs.  *Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980).   The class definition should allow membership in the class to be readily determined.  *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 30, 44-45 (2d Cir. 2006); *Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296 (N.D. Cal. 2012) ("[C]ourts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.  The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.").  Furthermore, the definition should avoid the necessity of individual factual determinations or entanglement in the ultimate legal issue in the case.  *E.g., Spagnola v. Chubbs Corp.*, 264 F.R.D. 76, 97 (S.D.N.Y. 2010); *Driver v. Helms*, 74 F.R.D. 382, 402 (D.R.I. 1972) (class definition presumed unlawful conduct).

7

Paragraph 31 of the Amended Complaint proposes a class defined as follows:

> All persons who, according to defendant's records: (a) have mailing
> addresses within New York State; (b) who between July 20, 2012
> and April 30, 2013; (c) were sent a collection letter in a form
> materially identical or substantially similar to the form letter sent by
> the Defendant to the Plaintiff; (d) regarding a debt that was past the
> permissible credit reporting period; (e) or containing a collection fee
> that they had not previously authorized by the consumer; (f) which
> was not returned by the postal service as undelivered.

Plaintiff's proposed class definition is laden with problems with identifying class
members, militating against certification. First, the proposed definition combines
different groups of class members with different causes of action: (1) those that were
sent a collection letter in a form materially identical or substantially similar to the letter
sent by defendant to plaintiff regarding a debt that was past the permissible credit
reporting period or containing a collection fee that "they had not previously authorized."
This definition does not enable the Court to determine readily who is and who is not a
member of the proposed class, and plaintiff has made no such showing. It also does
not define a class of similarly situated individuals. A potential class member may have
a claim based on a written communication mentioning "Fees/Coll Costs," or may have a
claim under both theories, as Plaintiff has alleged. Under this multi-layered definition,
Plaintiff's proposed class will not be made up of similarly situated plaintiffs, and the
plaintiff has not identified the accounts, if any, in each category.

An essential element of Plaintiff's challenge to the letter, is that the language is a
violation of the FDCPA because he claims his debt is beyond the applicable reporting
period. Regardless of whether this argument is correct as a matter of law, because
Plaintiff has made no attempt to identify potential class members, if any, whose debts
are outside that period, Plaintiff's proposed class definition has not been shown to result

8

in a class.   Letter recipients within the reporting period would not have a cause of action under a theory similar to that of Plaintiff.  As a result, the definition is necessarily overinclusive.

Class members could not readily be identified without an individualized consideration of facts relating to each particular plaintiff and the measurement of the period between the first delinquency on the account and the date of the letter in question.  See 15 U.S.C. § 1681c.  This would involve individualized issues such as determining the date of the breach for each and every one of hundreds of potential class members, information which has not been shown to be contained in the defendant's records.

Also, the underlying legal basis for NYIT's claim to collection costs could also vary from debtor to debtor based on differences in the nature of the debt or the relevant underlying agreement.  Once again, this would require the Court to evaluate each and every account of the proposed class to determine whether class members had an agreement to pay collection costs, or whether the collection costs were otherwise permitted by law.  The class definition even includes individuals with student loan accounts, where the collection costs charged are mandatory as a matter of federal law.

If plaintiff claims he had no agreement with NYIT authorizing it to seek collection costs, what about those who do?  Individual issues include, *inter alia*, the nature of the underlying debt, differing time periods the proposed class members were students at NYIT and whether the proposed class members were operating under different policies and underlying agreements with NYIT, whether such agreements authorize collection costs, and the varying amounts of the collection costs sought.  Indeed, Plaintiff's motion

9

does not submit any evidence regarding any agreements between the proposed class members and NYIT.  These agreements could authorize the collection charges and might have varying terms among the class members depending on the differing periods when the individual was a student at NYIT.  Plaintiff has presented no information on whether letter recipients are, in fact, "similarly situated."

Plaintiff makes no attempt to analyze such concerns and has no idea whether relevant information is even readily or ministerially available.  Clearly determining whether each and every debt of the proposed class members is within the class is a fact-intensive, individualized issue that warrants denial of class certification.  *See e.g. Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 403 (E.D. Pa.1995) (finding class definition "untenable" where determining membership in the class would "essentially require a mini-hearing on the merits of each case.").

### (2)   Plaintiff's Definition Is Improperly Self-Serving.

Moreover, Plaintiff's proposed class definition presumes a finding in Plaintiff's favor on the merits.  By attempting to use a definition which itself contains a conclusion that there has been an attempt to collect an unlawful or unauthorized fee, Plaintiff is attempting to use a self-serving class definition.  Such a definition, tied inexorably to a legal conclusion, along with unfounded allegations of intentionally seeking to collect amounts not owed, should not provide a basis for class certification.  *See, e.g., Indiana State Employees Association, Inc. v. Indiana State Highway Commission*, 78 F.R.D. 724 (S.D. Ind. 1978).

A "fail-safe" class definition will not pass muster because it shields putative members from receiving an adverse judgment.  For example, a class of homeowners

defined as those who paid higher rates than they were entitled to under the rate structure applicable to persons refinancing a mortgage loan has been rejected because "[e]ither the class members win, or by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 341, 352 (6th Cir. 2011). If it turns out that Defendant's reference to collection costs was not improper, an argument could be made, after the fact, that Plaintiff's class lacked any members, which would "effectively undermine the value of defendant's victory." *Brooklyn Ctr. for Independence of the Disabled v. Bloomberg*, 287 F.R.D. 240, 250 (S.D.N.Y. 2012). As the Seventh Circuit explained in rejecting a similarly self-serving definition:

> Using a future decision on the merits to specify the scope of the class makes it impossible to determine who is in the class until the case ends, and it creates the prospect that, if the [defendant] should prevail on the merits, this would deprive the judgment of preclusive effect: any other former [proposed class member] could file a new suit, given that the losing 'class' lacked any members.

*Id.* (citing *Bolden v. Walsh Constr. Co.,* 688 F.3d 893, 895 (7th Cir. 2012)). As a result of the above-referenced deficiencies with Plaintiff's proposed class definition, Plaintiff should not be permitted to obtain class certification.

## B.     The Record Is Insufficient To Establish Numerosity

Federal Rule of Civil Procedure 23(a) sets forth the requirements for class certification: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable . . . . " Fed. R. Civ. P. 23(a)(1).

In order to satisfy this element of Federal Rule 23, the plaintiff has the burden of demonstrating the numbers of prospective plaintiffs in the putative class. *Deflumer v.*

11

*Overton*, 176 F.R.D. 55, 58 (N.D.N.Y. 1997).  Although an absolutely precise number is not necessarily required as a prerequisite for class certification, there must be a reasonable basis for an inference that the class, as defined by the plaintiffs, is sufficiently numerous that joinder is impracticable.  *Id.*  The evidence presented must be more than the conclusory assertions of counsel, which assertions are wholly insufficient to meet the requirements of Rule 23(a)(1).

Estimates of class size based upon speculation is insufficient.  *E.g., Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004).  Here, there is no estimate and no reasonable basis for such an estimate - - only speculation and impermissible assumptions by counsel.

Plaintiff is asking the Court to infer, without basis, that every person that received a certain letter from Defendant is similarly circumstanced to Plaintiff.  Plaintiff simply assumes that because Defendant sent letters to 360 individuals in a standardized format, he meets the requirement of numerosity.  However, many of the individuals receiving form letters may not be members of a proper class, such as those whose debt was still within an applicable reporting period or those who had an underlying agreement with NYIT, allegedly unlike plaintiff, agreeing to be responsible for collection charges.  Plaintiff does not offer any evidence from which to estimate how many consumers receiving the form letter could actually qualify for relief - - based on the absence of any information in this record, neither the parties nor the Court can determine whether plaintiff has defined a class of 1, 10, 100 or 360.  As a result, there is no showing of any number of members for which joinder may be impractical, or any estimate thereof.

Plaintiff has made no showing that Plaintiff is similarly situated to any ascertainable class of any number.  Plaintiff has failed to demonstrate the number of members in the class, has failed to distinguish between those putative class members who plausibly have a claim under the FDCPA and those who do not.  Plaintiff's claim of an identifiable, similarly circumstanced class is supported by nothing more than assumption and speculation, insufficient to meet the rigorous standard required.  In fact, Plaintiff has offered no information on whether there is even one other similarly circumstanced class member.

Indeed, this Court denied class certification in a similar case where the plaintiff "argue[d] that she ha[d] met her burden of establishing numerosity by the simple fact that she is 'complaining of a standard form letter.' " *Weissman v. ABC Fin. Services, Inc.*, 203 F.R.D. 81, 84 (E.D.N.Y. 2001) (Spatt, J.).  The Court denied class certification, finding Plaintiff's argument "one of pure speculation unsupported by a single factual allegation ... The plaintiff has not presented a shred of evidence that would help her provide a reasonable estimate, much less provide that estimate herself."  *Id.; see also Davidson v. Yeshiva Univ.*, 555 F. Supp. 75, 77 (S.D.N.Y. 1982) ("When the plaintiff fails to aver, much less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed."); *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968); *Reese v. Arrow Financial Service, LLC*, 202 F.R.D. 83 (D. Conn. 2001) (holding that "bare assertions of numerosity are insufficient" and the plaintiff must "reasonably estimate or provide some evidence of the number of class members"); *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653 (S.D.N.Y.

March 22, 2002) [guesses as to number of plaintiffs not enough].  Plaintiff's submissions fail to sustain his burden.

### C.      Commonality and Typicality Is Lacking

Having identified not a single other similarly circumstanced account debtor for whom the issues presented are the same, the deficiencies in plaintiff's definitions and insufficient showing regarding numerosity also undermine his arguments about commonality and typicality.

As a threshold matter, the plaintiff claims that he entered no agreement with NYIT that would render him responsible for collection costs.  See Kalkstein Deposition at pp. 58-9 (annexed hereto as Ex. A).  Although his contention is disputed, this fact alone puts plaintiff on a different footing than any other NYIT enrollee who signed such an agreement.  Out of the 360 letter recipients, plaintiff has identified not a single other potential class member who similarly claims not to have signed such an agreement.  His claims are in common with whom?  Typical of what?

The crux of both the commonality and typicality requirement is to ensure that maintenance of class action is economical and the named plaintiff's claim and class claims are so interrelated that the interests of the class members will be fairly protected in their absence. *Petrolito, supra* at 309.  Here, given all the potential individualized facts and circumstances that would be material to a resolution of the claims of all proposed class members, questions of commonality and typicality have not been adequately addressed by plaintiff.  The mere receipt of the letter in question does not establish commonality or typicality.

14

Plaintiff has completely ignored the potential individualized differences among the proposed class members.  Nothing in plaintiff's submission precludes the existence of numerous differences between the named plaintiff and other letter recipients.  All of these potential differences suggest that class certification is contraindicated, especially on the non-existent record presented by Plaintiff.  Class treatment is inappropriate where, as here, the claim is not subject to class-wide proof and requires numerous individual inquiries.  *See Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 265 (S.D.N.Y. 2011); *Wal-Mart*, 131 S. Ct. at 2553.

## III.    ADEQUACY OF PLAINTIFF AS REPRESENTATIVE

Plaintiff has not demonstrated that he is similarly circumstanced to any sufficiently numerous group of individuals.  Given the potential dissimilarities between plaintiff's circumstances and those of other letter recipients, plaintiff cannot be assumed to be an appropriate representative of the class.  He has not shown that he has a unity of interest with any proposed class member.

Plaintiff has indicated that he does not claim any damages other than statutory damages.  (Kalkstein Deposition at pp. 36-9 (annexed hereto as Exhibit B).    Yet, he purports to seek actual damages only for any putative class member who paid a collection fee - - a fee he did not pay.  Having not paid any collection fee, he should not be permitted to represent a class of those who did, especially in the absence of a showing that the legal issues and facts related to the creditor's entitlement to these collection costs are the same.  *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1992), *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F. 3d 52, 59 (2d Cir.

2000).  It is well settled that plaintiff should not represent a class of which he is not a member. *Id.*

## IV. EVEN ASSUMING THAT THE PLAINTIFF HAS MET HIS BURDEN OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY SHOWING TO SATISFY RULE 23(b)

Even if Plaintiff were able to prove that all the elements under Rule 23(a) had been satisfied, Plaintiff's motion should be denied because he has made virtually no showing to meet his burden of proving satisfaction of the elements of Rule 23(b) - in particular, whether a class action is superior to other available methods to resolve the current controversy and whether common issues predominate.  This element is governed by Rule 23(b)(3), the provision under which the Plaintiff seeks to proceed here.  This subdivision authorizes a class action where the prerequisites of Rule 23(a) have been satisfied and where:

> (3)  the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of class action.

Fed. R. Civ. P. 23 (b)(3).

### A.    Common Questions Do Not Predominate

Rule 23(b)(3) requires that the court find the "questions of law or fact common to the members of the class predominate over questions affecting only individual members."  Although the alleged common question involves an alleged violation of the

FDCPA, any determination of liability or class membership will turn on facts and circumstances applicable to each class member, not merely content to be found in a letter.  The mere fact that Plaintiff has commenced an action under the FDCPA itself provides no support for class treatment.

Plaintiff is seemingly blind to the individualized issues in this case.  As discussed above, resolution of the proposed class claims will require an individualized inquiry into each and every class member's debt to determine when the breach occurred and when the reporting period had expired.  While such an inquiry sounds simple, it is actually complex because the calculation could involve individual factual determinations.  *See generally* 15 U.S.C. § 1681c.  It will also require an individualized inquiry into each and every class member's account to determine whether they signed an agreement with NYIT regarding collection costs along with a consideration of their time of attendance at NYIT and any differences in the underlying agreements with each proposed class member and NYIT.  Plaintiff has made no showing that these fact-specific matters can be determined ministerially from any readily available set of defendant's records.

The existence of such individualized issues weighs against a finding that common questions predominate under Federal Rule 23(b)(3).  *See, e.g., Kelley v. Galveston Autoplex*, 196 F.R.D. 471 (S.D. Tex. 2000) (individual questions precluded finding of predominance); *In re Ford Motor Co. Ignition Switch Products Liability Litigation*, 194 F.R.D. 484 (D.N.J. 2000) (differences in available defenses and individual damage calculations weighed against finding of predominance); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D Pa. 1995) (individualized inquiries in an action under Telephone Consumer Protection Act resulted in no common nucleus of operative

17

fact); *Jefferson v. Security Pacific Financial Services*, 162 F.R.D. 123 (N.D. Ill. 1995) (plaintiff could not show that common questions predominated in TILA action).

### B.    Plaintiff Has Not Demonstrated The Superiority Of The Class Action Device In This Case

Rule 23(b)(3), sub-sections (A) through (D), expressly instructs the Court to analyze a wide variety of factors in determining whether a class action is "superior" to other methods for adjudicating the controversy.  Section (A) of Rule 23(b)(3) states that one relevant factor in determining whether a class should be certified is "the interest of members of the class in individually controlling the prosecution or defense of separate actions."  Each class member of Plaintiff's proposed class potentially has a higher interest in controlling his or her own case because of the class action limit on statutory damages.

Under the FDCPA, the maximum statutory damages in a class action are the lesser of $500.00 or 1% of the net worth of the defendant, "without regard to the minimum individual recovery."  15 U.S.C. §1692k(a)(2)(B).  Plaintiff fails entirely to analyze or compare the potential recoveries for class members in the proposed action with those available in an individual action.

A class action is not necessarily superior, because if individual plaintiffs controlled their own cases, they each would be eligible, if successful, to recover greater statutory damages of up to $1,000, depending upon the individual circumstances of his or her own case.  15 U.S.C. § 1692k(2)(a).  In addition, each individual plaintiff might have different claims for actual damages that could be pursued in a manner most appropriate to his or her individualized circumstances.  15 U.S.C. § 1692k(a)(1).  These individual plaintiffs would not be deterred by litigation costs because the FDCPA

18

provides for recovery of expenses of suit, including attorneys' fees.  15 U.S.C.  §
1692k(a)(3).  This provision removes any disincentive, and in fact increases the
incentive for individuals to pursue their own claims and control their own cases.
Historically, the numerous individual FDCPA cases filed in this District, by Plaintiff's
lawyers and others, reflect no difficulty for individuals to find counsel to take and pursue
individual cases.

Plaintiff's counsel's arguments as to superiority have little to do with this
particular case.  Instead, Plaintiff's arguments are generic.  Superiority under Federal
Rule 23(b)(3) is not a conclusion that can be based on the mere argument of counsel
without any analysis of the circumstances of the case.  A "class action cannot simply be
a marginally acceptable device or one merely comparable to other methods of conflict
resolution, it must affirmatively be preferable in a legally significant sense."  *Lyles v.
Rosenfeld Attorney Network*, 2000 WL 798824 (N.D. Miss. 2000).

Accordingly, on the current record, there is no basis on which to conclude that a
class action is superior in this case.  Plaintiff's memorandum is devoid of any
meaningful analysis of the superiority issue.  Plaintiff gives no consideration to a
possible comparison of the remedies available to a class member in an individual action
to the lesser benefit that may be available to class members based on the damage
limitations under the FDCPA.

## V.  PLAINTIFF'S RELIANCE ON THE *ANNUNZIATO* MATTER IS MISPLACED

Just as plaintiff would have the court believe that virtually any FDCPA case
involving a form letter warrants class certification, he would have the court believe that

19

the decision in *Annunziato* automatically means that a class should be certified in this action.

Whatever the preliminary result in *Annunziato*, that does not excuse the plaintiff's failure to meet his burden in this action. First, the violations argued by plaintiff are not apparent on the face of the letter. The claimed violations necessarily involve matters of proof beyond the letter itself. Plaintiff needs to show that there is a sufficiently numerous class of similarly circumstanced class members - - individuals who have the same type of debt to NYIT as plaintiff and who also assert that they never entered an agreement with NYIT agreeing to pay for collection charges. Individualized proof as to the level of collection costs sought, the nature and timing of agreements to be responsible for collection costs, differing dates of default and the applicability of federal laws regarding the recovery of collection costs in an educational setting are all material to the possible liability issues. The record in this case does not render class treatment appropriate.

Second, the court in *Annunziato* altered the plaintiff's proposed class definition. In fact, the definition was altered in such a way that it may have defined a class that has no members. By suggesting a definition in which class members did not enter an agreement with NYIT agreeing to be responsible for collection, the court has defined a class of which plaintiff *Annunziato* is not a member, and no other class members have been identified. In *Annunziato*, the plaintiff made improper assumptions about the letter recipients - - without any evidence presented by plaintiff - - that there were sufficiently numerous class members who had never agreed to be responsible for collection costs or that there were necessarily numerous accounts outside the limitations period that

20

could be readily identified from the defendant's records. Although plaintiff claims that he would not have signed an agreement to be responsible for collection costs, he can point to not a single other putative class member for whom there exists no such agreement. This court should not be induced to make similarly improper assumptions that are not supportable with any evidence submitted in support of plaintiff's motion in this case. The *Annunziato* case is not evidence on which this court may rely to perform the rigorous analysis required by Federal Rule 23.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for class certification should be denied.

Respectfully submitted,

Date: August 4, 2014

THE DEFENDANT
COLLECTO, INC.

By:_____/s/_____
    Jonathan D. Elliot

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Boulevard
    Bridgeport, CT 06604
    Tel:   203-333-9441
    Fax:   203-333-1489
    E-Mail:  jelliot@znclaw.com

Its Attorneys

21

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____ /s/ _____
Jonathan D. Elliot